**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SACRAMENTO NONPROFIT COLLECTIVE, DBA El Camino Wellness Center, a mutual benefit non-profit collective; RYAN LANDERS, an individual, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General; MICHELLE LEONHART, Administrator of the Drug Enforcement Administration; BENJAMIN B. WAGNER, U.S. Attorney for the Eastern District, <br><br> Defendants - Appellees. | No. 12-15991 <br><br> D.C. No. 2:11-cv-02939-GEB-EFB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

| | |
|---|---|
| ALTERNATIVE COMMUNITY HEALTH CARE COOPERATIVE, INC., a not-for-profit cooperative corporation, DBA Cloud 9 Cooperative; LIGHT THE WAY, a mutual benefit non-profit | No. 12-55775 <br><br> D.C. No. 3:11-cv-02585-DMS-BGS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

collective; MOTHER EARTH'S ALTERNATIVE HEALING COOPERATIVE, INC., a not-for-profit cooperative corporation; AMERICAN TREATMENT ADVANCEMENT COOPERATIVE, INC., a mutual benefit non-profit cooperative corporation; JOY GREENFIELD, an individual,

Plaintiffs - Appellants,

v.

ERIC H. HOLDER, Jr., Attorney General; MICHELLE LEONHARTDEF, Administrator of the Drug Enforcement Administration; LAURA E. DUFFY, U.S. Attorney for the Southern District of California,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

MARIN ALLIANCE FOR MEDICAL MARIJUANA, a not-for-profit association; JOHN D'AMATO, an individual; MEDITHRIVE, INC., a not-for-profit cooperative corporation, DBA MediThrive Cooperative; THE JANE PLOTITSA SHELTER TRUST, a revocable living trust; THE FELM TRUST, an irrevocable living trust; THE

No. 12-16710

D.C. No. 4:11-cv-05349-SBA

2

DIVINITY TREE PATIENT'S
WELLNESS COOPERATIVE, INC., a
not-for-profit cooperative corporation,

          Plaintiffs - Appellants,

  v.

ERIC H. HOLDER, Jr., Attorney General;
MICHELLE LEONHART, Administrator
of the Drug Enforcement Agency;
MELINDA HAAG, U.S. Attorney for the
Northern District of California,

          Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of California
Saundra Brown Armstrong, Senior District Judge, Presiding

Submitted January 13, 2014[**]
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

    In this consolidated appeal, Plaintiffs-Appellants Sacramento Nonprofit Collective and other distributors of medical marijuana as well as patients and landlords of the marijuana distributors (collectively "Appellants") appeal the decisions of three different California district courts dismissing their actions for

---

    [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The lawsuits alleged violations of Appellants' Fifth and Ninth Amendment rights and raised a judicial estoppel argument. Appellants seek, through injunctive relief against various federal law enforcement authorities, to prevent the federal prosecution of both cooperatives operating marijuana dispensaries pursuant to California state law as well as other entities affiliated with the marijuana dispensaries (such as their landlords). We review *de novo* the dismissal of a complaint by the district court pursuant to Federal Rule of Civil Procedure 12(b)(6). *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 975 (9th Cir. 2012). And we review "a district court's application of judicial estoppel . . . for abuse of discretion." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 992 (9th Cir. 2012).

Because "the legal issues on appeal are fairly raised by" at least one Appellant with standing, we "need not consider the standing" of John D'Amato and Ryan Landers. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 943–44 (9th Cir. 2011) (en banc) (internal quotation marks omitted).

Appellants contend that the Ninth Amendment and the substantive due process component of the Fifth Amendment together protect a fundamental right to

4

"distribute, possess and use medical cannabis" in compliance with California state law. But this argument is squarely foreclosed by *Raich v. Gonzales (Raich II)*, 500 F.3d 850, 864–66 (9th Cir. 2007). In *Raich II*, we rejected the notion that "the Due Process Clause embraces a right to make a life-shaping decision on a physician's advice to use medical marijuana . . . when all other prescribed medications and remedies have failed." *Id.* Although we noted in *Raich II* that the passage of time coupled with changing social views may alter the fundamental rights analysis,[1] *id.* at 865–66, a prior holding of this court may only be overturned through en banc consideration*, see United States v. Parker*, 651 F.3d 1180, 1184 (9th Cir. 2011).

Second, Appellants allege that federal enforcement of the CSA violates Equal Protection because the federal ban on medical marijuana, "while permitting prescription drugs[,] has no rational basis." Assuming that Appellants did not waive this claim by failing to specifically raise it in their complaints, *see Raich II*, 500 F.3d at 868, the argument is foreclosed by our prior precedent, *see, e.g.*, *United States v. Miroyan*, 577 F.2d 489, 495 (9th Cir. 1978) (rejecting through citation to supporting case law the argument that "[m]arijuana . . . cannot rationally

---

[1] Although the use of medical marijuana is more accepted today than it was in 2007, we are unwilling to declare that legal recognition of such a right has reached the point where it should be removed from "the arena of public debate and legislative action" and deemed "implicit in the concept of ordered liberty." *Raich II*, 500 F.3d at 866.

5

be deemed to meet the criteria required for a Schedule I controlled substance [under the CSA]"), *overruled on other grounds as recognized by United States v. Pineda-Moreno*, 688 F.3d 1087, 1090–91 (9th Cir. 2012); *see also James v. City of Costa Mesa*, 700 F.3d 394, 405 (9th Cir. 2012) (rejecting plaintiffs' equal protection argument that implementation of a D.C. medical marijuana initiative resulted in unequal treatment of D.C. and California residents by broadly noting that "[l]ocal decriminalization notwithstanding, the unambiguous *federal* prohibitions on medical marijuana use set forth in the CSA continue to apply in [all] jurisdictions").

Third, Appellants claim that the Government is judicially estopped from enforcing the CSA because in a prior lawsuit involving different plaintiffs, the parties entered into a joint stipulation to dismiss the sole remaining claim in that case—that the Tenth Amendment barred federal enforcement of the CSA with respect to medical marijuana use under California law—in light of the Ogden Memorandum.[2] But the Appellants over-read the statements made in both the Ogden Memorandum and during the course of the prior litigation; at no point did

---

[2] Appellants assert that the Medical Marijuana Guidance document referred to by the district court in the prior litigation is somehow different from the Ogden Memorandum. But the joint stipulation in the prior case makes clear that the document referred to is the Ogden Memorandum.

6

the Government promise not to enforce the CSA. Appellants therefore identify no clear inconsistency between the Government's current and prior positions as is required to invoke the doctrine of judicial estoppel. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Nor do the Appellants demonstrate that the Government misled the court or would derive an unfair advantage if not estopped. *Id.* (describing these as other requirements for judicial estoppel). Appellants also do not allege that the Government engaged in fraud. *See Milton H. Greene Archives, Inc.*, 692 F.3d at 993–94 (noting that chicanery or fraud on the court is an important factor of judicial estoppel even if it is not a requisite element). Estoppel in this case "would compromise a governmental interest in enforcing the law" and would therefore be inappropriate. *New Hampshire*, 532 U.S. at 755.

The district courts properly dismissed Appellants' request for injunctive relief.

**AFFIRMED.**