133 Nev., Advance Opinion 93

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JOHN DOE, ON HIS OWN BEHALF AND ON BEHALF OF A CLASS OF THOSE SIMILARILY SITUATED, Appellant, vs. STATE OF NEVADA EX REL. THE LEGISLATURE OF THE 77TH SESSION OF THE STATE OF NEVADA; THE STATE OF NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES; AND THE HONORABLE BRIAN SANDOVAL, IN HIS OFFICAL CAPACITY AS GOVERNOR OF THE STATE OF NEVADA, Respondents. | No. 69801 **FILED** DEC 07 2017 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment in an action regarding Nevada's medical marijuana laws. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

*Affirmed.*

Hafter Law and Jacob L. Hafter, Las Vegas,
for Appellant.

Legislative Counsel Bureau Legal Division and Brenda J. Erdoes, Legislative Counsel, and Kevin C. Powers, Chief Litigation Counsel, Carson City,
for Respondent State of Nevada ex rel. the Legislature of the State of Nevada.

Adam Paul Laxalt, Attorney General, Jordan T. Smith, Assistant Solicitor General, and Linda C. Anderson and Gregory L. Zunino, Chief Deputy Attorneys General, Carson City,
for Respondents State of Nevada Department of Health and Human Services and Governor of the State of Nevada.

 

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In November 2000, the Nevada Constitution was amended to allow the possession and use of marijuana for the treatment or alleviation of various medical conditions. *See* Nev. Const. art. 4, § 38(1)(a). This amendment also required the Legislature to establish a registry of patients who were authorized to use marijuana for medical purposes. *Id.* § 38(1)(d). As a result, the Legislature enacted Assembly Bill 453, allowing registry identification cardholders to use medical marijuana without fear of state prosecution for certain marijuana-related offenses.[1] Subsequently, the Legislature established two fees to defray the costs of administering the registration program: an application fee and a processing fee.

In this appeal, we are asked to determine whether Nevada's medical marijuana registry violates the Due Process, Equal Protection, or Self-Incrimination Clauses of the United States or Nevada Constitutions. We hold Nevada's medical marijuana registry does not impinge upon a fundamental right, and the registry is rationally related to a legitimate state interest. Thus, we hold Nevada's medical marijuana registry does not violate the Due Process or Equal Protection Clauses. Finally, we hold Nevada's medical marijuana registry does not violate a registrant's right against self-incrimination. Therefore, we affirm the district court's order.

---

[1] We acknowledge that the citizens of Nevada have recently approved the Regulation and Taxation of Marijuana Act, permitting the recreational use of one ounce or less of marijuana by individuals 21 years of age and over. Nevada Ballot Questions 2016, Nevada Secretary of State, Question No. 2.

## FACTS AND PROCEDURAL HISTORY

In 2015, appellant John Doe applied for, and received, a registry identification card after his doctor recommended he try medical marijuana to treat his migraine headaches. Doe subsequently filed suit against the Nevada Legislature, the Governor, and the Department of Health and Human Services (the DHHS) (collectively, respondents). In particular, Doe argued that the medical marijuana registry and its associated fees violated his due process and equal protection rights, and his right against self-incrimination. Doe also argued that the DHHS committed fraud and was unjustly enriched by the registration fees.

Doe filed a motion for partial summary judgment on his self-incrimination claim and a countermotion for summary judgment on his due process and equal protection claims. The DHHS and the Governor filed motions to dismiss, and the Legislature filed a motion for summary judgment. Ultimately, the district court granted the respondents' motions, treating each as a motion for summary judgment. Specifically, the district court held that Doe failed to sue the proper state official—the Administrator of the Division of Public and Behavioral Health—for declaratory and injunctive relief. In addition, the district court denied Doe's request to amend his complaint, holding that such an amendment would be futile because Doe's constitutional claims lacked merit. Finally, the district court held that Doe's state-law tort claims were barred as a matter of law due to the State's sovereign immunity. Doe appealed.

## DISCUSSION

On appeal, Doe argues (1) there is a fundamental right to access the health care recommended by licensed physicians under the Due Process Clause, (2) Nevada's medical marijuana registry violates that right under

the Equal Protection Clause, and (3) the registry violates a registrant's Fifth Amendment privilege against self-incrimination. "This court reviews constitutional challenges de novo." *Rico v. Rodriguez*, 121 Nev. 695, 702, 120 P.3d 812, 817 (2005).

*Nevada's medical marijuana registry does not impinge upon a fundamental right*

Doe argues that this court should recognize a new fundamental right to access the health care that a physician recommends to a patient, and that the registry and its associated fees impose an undue burden on a patient's ability to exercise this right. Respondents argue that Doe's asserted right is more accurately understood as a right to use medical marijuana and that no such fundamental right exists.

The Due Process Clauses of the United States and Nevada Constitutions prohibit the State from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; Nev. Const. art. 1, § 8(5). The United States Supreme Court has clarified that "[t]he Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint." *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997).

The Court, however, has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Id.* at 720 (internal quotation marks omitted). Indeed, the Court has cautioned that, "[b]y extending constitutional protection to an asserted right or liberty interest," a court "place[s] the matter outside the arena of public debate and legislative action." *Id.*

Therefore, in deciding whether to expand the concept of substantive due process to encompass a new fundamental right, we must (1) carefully describe the asserted liberty interest; and (2) determine whether the asserted liberty interest is "deeply rooted in this Nation's history and tradition . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [the right was] sacrificed." *Id.* at 720-21 (internal quotation marks omitted); *see also State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 503, 306 P.3d 369, 377 (2013).

We construe Doe's proposed liberty interest as the right to use medical marijuana recommended by a physician. The Ninth Circuit has advised that an asserted liberty interest should be narrowly construed so as to avoid unintended consequences. *See Raich v. Gonzales*, 500 F.3d 850, 863-64 (9th Cir. 2007) (interpreting the appellant's proposed right as "the right to use *marijuana* to preserve bodily integrity, avoid pain, and preserve her life"). As in *Raich*, here, Doe's proposed right "does not narrowly and accurately reflect the right that [he] seeks to vindicate." *Id.* at 864. Doe seeks to use medical marijuana to help treat his migraines and argues that Nevada's medical marijuana registry interferes with his proposed right. Indeed, medical marijuana is the only means of health care implicated in this matter.

We hold that the right to use medical marijuana recommended by a physician is not so "deeply rooted in this Nation's history and tradition . . . and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [the right was] sacrificed." *Glucksberg*, 521 U.S. at 721 (internal quotation marks omitted).

To date, no court has recognized a fundamental right to use medical marijuana recommended by a physician, and the use of medical

SUPREME COURT
OF
NEVADA

(O) 1947A

marijuana is still prohibited under federal law and the laws of 22 states. *See Raich*, 500 F.3d at 866 (holding that "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to alleviate excruciating pain and human suffering"); *see also United States v. Wilde*, 74 F. Supp. 3d 1092, 1095 (N.D. Cal. 2014) (recognizing "no court to date has held that citizens have a constitutionally fundamental right to use medical marijuana"); *Seeley v. State*, 940 P.2d 604, 613 (Wash. 1997) (holding the respondent did not "have a fundamental right to have marijuana prescribed as his preferred treatment over the legitimate objections of the state").

In fact, although several states have legalized medical marijuana since *Raich*, the Ninth Circuit has continued to reject any asserted liberty interest. *See Sacramento Nonprofit Collective v. Holder*, 552 F. App'x 680, 683 n.1 (9th Cir. 2014) (acknowledging that "the use of medical marijuana is more accepted today than it was in 2007," but declining to recognize a fundamental right to use medical marijuana). Given this precedent and the fact that almost half of the states currently prohibit the use of medical marijuana, it would be imprudent to remove the matter from "the arena of public debate and legislative action" at this time. *Glucksberg*, 521 U.S. at 720. Therefore, we decline to expand the concept of substantive due process to encompass a new fundamental right to use medical marijuana recommended by a physician.

*Nevada's medical marijuana registry is rationally related to a legitimate state interest*

Doe argues that the registry discriminates against people who choose to use marijuana to treat their medical condition and that the

registry is not rationally related to a legitimate state interest.[2] Respondents argue that the Legislature could reasonably believe the registry would aid in the enforcement of Nevada's medical marijuana laws by deterring potential violators or assisting in the detection and investigation of specific instances of apparent abuse.

The right to equal protection is "guaranteed by the Fourteenth Amendment of the United States Constitution and . . . Article 4, Section 21 of the Nevada Constitution." *Rico*, 121 Nev. at 702-03, 120 P.3d at 817. In particular, the Fourteenth Amendment prohibits the State from denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The United States Supreme Court has stated that the "provision creates no substantive rights," rather, it "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997).

Generally, in addressing an equal protection claim, we must determine whether (1) "the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group"; and (2) "if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified." *United States v. Lopez-Flores*, 63

---

[2]Because we conclude Doe's asserted liberty interest is not a fundamental right under the United States or Nevada Constitutions' Due Process Clauses, we reject Doe's argument that strict scrutiny applies in this matter. *Rico*, 121 Nev. at 703, 120 P.3d at 817 (stating strict scrutiny is warranted when the case involves a "judicially recognized suspect class or [a] fundamental right").

F.3d 1468, 1472 (9th Cir. 1995); *see also Rico*, 121 Nev. at 703, 120 P.3d at 817.

Several courts have held that "patients who choose to use a federally prohibited substance" are not "similarly situated to . . . patients who chose to use federally permitted medicines." *Boyd v. Santa Cruz Cty.*, No. 15-cv-00405-BLF, 2016 WL 3092101, at *4 (N.D. Cal. June 2, 2016); *see also Wilson v. Holder*, 7 F. Supp. 3d 1104, 1125 (D. Nev. 2014) (holding the plaintiff was "not similarly situated to individuals that avail themselves of treatment methods *that comply with federal law"), aff'd*, 835 F.3d 1083 (2016). However, even assuming Doe has satisfied this threshold inquiry, we conclude that Nevada's medical marijuana registry survives rational basis review.

Under rational basis review, legislation is presumed to be valid and will be sustained "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). The State need not "produce evidence to sustain the rationality of a statutory classification," rather, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Id.* (alteration in original) (internal quotation marks omitted).

In *Whalen v. Roe*, the United States Supreme Court addressed "whether the State of New York [could] record, in a centralized computer file, the names and addresses of all persons who have obtained, pursuant to a doctor's prescription, certain drugs for which there is both a lawful and an unlawful market." 429 U.S. 589, 591 (1976). The Court held "that the patient-identification requirement" under the New York Controlled Substances Act was constitutional, as the legislature could reasonably

believe the requirement might "aid in the enforcement of laws designed to minimize the misuse of dangerous drugs." *Id.* at 597-98. The Court also recognized that the State had a "vital interest in controlling the distribution of dangerous drugs," and therefore, it could "experiment with new techniques for control." *Id.* at 598.

We conclude Nevada's medical marijuana registry is rationally related to a legitimate state interest. The Nevada Constitution states that one of the purposes of the registry is to provide enforcement officers a means "to verify a claim of authorization." *See* Nev. Const. art. 4, § 38(1)(d). Thus, like the patient-identification requirement in *Whalen,* here, the registry seeks to aid in the enforcement of laws designed to minimize the misuse of drugs. In addition, the State may experiment with a registry as a method for controlling a drug's use, and it is irrelevant whether the registry is an effective strategy for minimizing the misuse of marijuana. *See Heller,* 509 U.S. at 319 (stating "that rational-basis review . . . is not a license for courts to judge the wisdom, fairness, or logic of legislative choices" (internal quotation marks omitted)). Therefore, Nevada's medical marijuana registry satisfies rational basis review.[3]

*Nevada's medical marijuana registry does not violate a registrant's right against self-incrimination*

Finally, Doe argues the registry violates his Fifth Amendment right against self-incrimination because he is compelled to disclose that he intends to use medical marijuana in violation of federal law. Respondents

---

[3]In addition, we hold that the Legislature could reasonably believe the imposition of registration fees would assist the State in operating and maintaining the registry.

argue that Nevada's medical marijuana registration program is entirely voluntary, and thus, the Fifth Amendment is not implicated.

The Fifth Amendment states that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V; Nev. Const. art. 1, § 8(1); *see also Lefkowitz v. Turley*, 414 U.S. 70, 73-74 (1973) (stating the Fifth Amendment's Self-Incrimination Clause applies to the states via the Fourteenth Amendment).

> The Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

*Lefkowitz*, 414 U.S. at 77.

The United States Supreme Court has held that the Fifth Amendment's Self-Incrimination Clause is not implicated when an individual is required to disclose information as part of a voluntary application for benefits. *See Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 856-58 (1984). In *Selective Service System*, male applicants for financial aid were required to file "a statement of compliance" with their university that certified that the student had registered for the draft pursuant to the Military Selective Service Act (MSSA). *Id.* at 844. Appellees were students who "need[ed] financial aid to pursue their educations," but who had failed to register for the draft within 30 days of their 18th birthday as required under the MSSA. *Id.* at 845. They argued that, by filing a statement of compliance, the law required them "to confess to a criminal act . . . in violation of their Fifth Amendment rights." *Id.* at 856.

The Court rejected the appellees' argument, stating that "a person who has not registered clearly is under no compulsion to seek financial aid; if he has not registered, he is simply ineligible for aid." *Id.* Following this rationale, a federal district court concluded that the Fifth Amendment's Self-Incrimination Clause was not implicated when an individual applied to participate in the District of Columbia's medical marijuana program as a cultivator or dispensary operator. *See Sibley v. Obama*, 810 F. Supp. 2d 309, 310-11 (D.D.C. 2011).

We hold the rationale expressed in *Selective Service System* and *Sibley* applies in this matter. Nevada law does not compel anyone to seek a registry identification card, and if an individual does apply, Nevada law does not impose criminal or civil penalties on them if they do not complete the application. Rather, the application may simply be denied. This possibility, in itself, does not implicate the Self-Incrimination Clauses of the United States and Nevada Constitutions.[4]

## CONCLUSION

We conclude Nevada's medical marijuana registry does not impinge upon a fundamental right. We further conclude the registry is rationally related to the legitimate state interest of protecting the health, safety, and welfare of the public. Finally, we conclude the Self-Incrimination Clauses are not implicated when an individual applies to

---

[4]Doe also argues that the district court erred in (1) holding the State's sovereign immunity barred his state-law tort claims, (2) denying his motion for a permanent injunction, and (3) denying his request to amend his complaint. Doe concedes that each of these arguments fail if his constitutional claims are rejected. Therefore, having rejected Doe's constitutional arguments, we hold Doe's additional arguments are without merit.

participate in Nevada's medical marijuana program. Accordingly, we hold Nevada's medical marijuana registry does not violate the United States or Nevada Constitutions' Due Process, Equal Protection, or Self-Incrimination Clauses. Thus, we affirm the district court's order.

_____, J.
Parraguirre

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich